# EXHIBIT A

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF NEWBERRY<br><br>Michael Moon,<br><br>      Plaintiff,<br><br>v.<br><br>Georgia-Pacific Wood Products, LLC d/b/a Georgia-Pacific, LLC,<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT<br><br>C/A No.: 2020-CP-36-_____<br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

              **CROMER BABB PORTER AND HICKS, LLC.**

        BY: s/Shannon Polvi
          Shannon Polvi (#101837)
          1418 Laurel Street, Suite A (29201)
          Post Office Box 11675
          Columbia, South Carolina 29211
          Phone: (803) 799-9530
          Fax: (803) 799-9533

          *Attorney for Plaintiff*

October 15, 2020
Columbia, South Carolina

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF NEWBERRY<br><br><br>Michael Moon,<br><br>                Plaintiff,<br><br>v.<br><br>Georgia-Pacific Wood Products, LLC d/b/a Georgia-Pacific, LLC,<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT<br><br>C/A No.: 2020-CP-36-_____<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

### EMPLOYMENT CASE

Plaintiff, by and through the undersigned counsel, complaining of the Defendant, respectfully alleges as follows:

### PARTIES & JURISDICTION

1. Plaintiff, Michael Moon, (hereinafter "Plaintiff"), is a citizen and resident of Newberry County, South Carolina.

2. Defendant, Georgia-Pacific Wood Products, LLC d/b/a Georgia-Pacific, LLC, (hereinafter "Defendant"), is an nationally recognized company, which produces tissue, pulp packaging, building products, and related chemicals, that maintains a paper mill in Newberry County, South Carolina.

3. This action alleges race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII").

4. Charges have been filed with the appropriate federal and state agencies, the right-to-sue letter was issued, and this action is timely.

2

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

5.     Jurisdiction and venue are within the judicial circuit because the parties have sufficient connections to this circuit, and the events giving rise to this action occurred in Newberry County, South Carolina.

## FACTUAL ALLEGATIONS

6.     Plaintiff, a black male, began his employment with Defendant as an Offbearer in 1978. Plaintiff had a 39-year career working in the Plywood Mill at Defendant's Prosperity, South Carolina location.

7.     In February 2019, Plaintiff was transferred to the Chipping Sawmill at Defendant's Prosperity, South Carolina location, where he worked as a Heavy Equipment Officer and was under the supervision of Daniel Chronister (hereinafter "Chronister"), a white male.

8.     Throughout Plaintiff's tenure with Defendant, he performed his job duties in a competent, if not more than competent, manner.

9.     Plaintiff's job duties included, but were not limited to, moving and rotating logs through the sawmill. This provided to be difficult as the sawmill was out of operation approximately 50% of the time; therefore, Plaintiff was unable to safely rotate logs, as doing so would create unsafe working conditions for all individuals located in proximity to the sawmill.

10.    Since Plaintiff had been under Chronister's supervision, Plaintiff was treated disparately as compared to other similarly situated, white employees. This disparate treatment included constant beratement, unjustified disciplinary actions, and eventually termination.

11.    Plaintiff complained to Chronister on numerous occasions that he was unable to safely perform his job duties if the mill was not running; however, Chronister dismissed Plaintiff's concerns and told him to continue to rotate the logs through the sawmill despite its non-operation. Chronister's orders included stacking the logs on a ramp.

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

12. In order to comply with Chronister's orders, Plaintiff would have to stack the logs too high, which would have caused full logs to roll down a ramp into a work site and possibly into the road, thus causing safety issues.

13. Despite this safety issue, Chronister continuously handed Plaintiff work sheets that outlined the number of loads of logs needed to be moved per day, whether or not the mill was operational.

14. Each time, Plaintiff complained that he was unable to complete this task without there being a safety issue.

15. Upon information and belief, no white employees were asked to conduct tasks which were unsafe and ill-advised when the sawmill was not in operation.

16. In or around March 2019, Chronister wrote Plaintiff up for failing to meet job expectations. To Plaintiff's knowledge, no white employees were written up for failure to meet job expectations while the sawmill was inoperable.

17. Upon receiving the write up, Plaintiff explained to Chronister that he could not meet his expectations when the sawmill was not running.

18. Plaintiff continued to suffer harassment based on race after Chronister's discriminatory write up. For example, Plaintiff's access to the building where he and other employees normally went the restroom was taken away while other white employees continued to have access to the restroom that had previously been available to all operators that worked in that area of the sawmill. As a result of this demeaning and offensive action based on race, Plaintiff had to walk from one end of the sawmill to the other in order to access a restroom. Plaintiff estimates that his additional walk to the bathroom was an additional quarter mile each way. This continued

4

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

until the end of Plaintiff's employment with the exception of a portable bathroom that was filthy and often times inaccessible.

19.     In or around June 2019, Plaintiff was written up again. This time for allegedly failing to improve his job duties. To Plaintiff's knowledge, no white employees were written up for failing to improve on their job duties while the sawmill was inoperable.

20.     Upon receiving the write up, Plaintiff explained that he could not improve on his job performance when the sawmill was not running. Therefore, Plaintiff refused to sign this disciplinary action as he did not agree with Chronister's reasoning since he could not conduct his job duties if the sawmill itself was not running.

21.     Chronister continued to harass Plaintiff after he wrote him up the second time.

22.     Plaintiff complained to Human Resources about Chronister's harassment and targeted treatment.

23.     In or around June 2019, Plaintiff called the corporate office and complained about Chronister's harassment and the fact that he was being written up for failing to improve on his job performance, despite the fact that he was not being provided with an opportunity to improve.

24.     The corporate office did not resolve Plaintiff's concerns.

25.     Chronister continued to harass and berate Plaintiff after Plaintiff's protected activities to human resources and corporate.

26.     On August 5, 2019, Plaintiff was performing split job duties due to a crane operator calling in sick for the day.

27.     In the morning, Plaintiff operated the crane in the sawmill and in the afternoon, Plaintiff performed his regular job duties. This evidenced that Plaintiff was able to complete his regular job duties when the sawmill was up and running.

5

28. At approximately 3:00pm, Plaintiff was called into the office for a meeting. In the meeting were Chris Wrinker, Production Manager, white male, Chronister, Kate from Human Resources, white female, and the Plant Manager, Evan, white male.

29. In the meeting, Wrinker told Plaintiff that he was not improving on his job and was going to be separated from the company.

30. Plaintiff asked about how his job performance could have improved when he was not provided with the resources necessary to perform his job, as the sawmill was inoperable 50% of the time.

31. Plaintiff's concerns were dismissed, and his termination was finalized.

32. To date, Plaintiff has not received a termination letter.

33. Plaintiff was replaced by Friel Scott, a white male, who had a close relationship to Chronister.

34. Later, Plaintiff found out that his job had been posted online three months prior to his termination.

35. The purported ground for Plaintiff's termination, failure to improve job performance, is pretextual, the true motives were race discrimination and retaliation for Plaintiff's complaints about harassment and targeted treatment by his supervisor to the corporate office.

### FIRST CAUSE OF ACTION
### (Race Discrimination in Violation of Title VII)

36. Where not inconsistent herewith, Plaintiff realleges the foregoing.

37. During Plaintiff's employment with Defendant, Defendant subjected Plaintiff to disparate terms and conditions of employment by constantly berating Plaintiff, unjustified disciplinary actions, and demanding him to work in unsafe conditions, as given to similarly situated white employees.

6

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

38. Defendant subjected Plaintiff to a hostile work environment that was abusive to the point of being severe and pervasive on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 and amendments thereto, for which Defendant is liable.

39. Even though Plaintiff complained to Defendant regarding the actions and treatment of Chronister toward Plaintiff, Defendant failed and deliberately refused to address the discriminatory treatment reported by Plaintiff. Plaintiff suffered severe emotional stress as a result of the Defendant's hostile work environment, which was the foreseeable result of the actions and inactions taken by Defendant and the treatment that he constantly received in the workplace.

40. Defendant unlawfully terminated Plaintiff because of his race.

41. As a direct and proximate result of the violations of his civil rights under Title VII, Plaintiff suffered actual damages in the form of back pay, front pay, lost benefits, reduced retirement; as well as compensatory and other intangible damages, including the loss of his earning capacity and emotional distress. Plaintiff is entitled to an award of punitive damages for the willful and intentional acts of Defendant through its agents and employees, for pre-judgment interest, and reasonable attorney's fees and costs of this cause of action.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

42. Where not inconsistent herewith, Plaintiff realleges the foregoing.

43. Plaintiff engaged in protected activity when he complained to Defendant about Chronister's race based harassment and targeted treatment.

44. The actions taken against Plaintiff and the actions which have resulted in his disparate treatment and damages are the result of the planned and concerted effort to retaliate against Plaintiff for his complaints to Defendant's human resources and corporate office.

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

45. After Plaintiff complained about the harassment and disparate treatment from Chronister in attempt to use internal means to redress the race discrimination.

46. Defendant terminated Plaintiff because of his protected activities; thereby, Defendant retaliated against Plaintiff in violation of Title VII.

47. Defendant is liable to Plaintiff for its willful and wrongful retaliation against Plaintiff for protected actions he took against egregious and justifiably perceived race discrimination.

48. Defendant is liable to Plaintiff for the willful, wrongful, and bad faith retaliation against Plaintiff for opposing race discrimination. Plaintiff is entitled to an award of actual damages, including, but not limited to, back pay, front pay, loss of benefits, reduced retirement, and damages for reputational harm and emotional distress. Plaintiff is also entitled to punitive damages for the willful and intentional acts of Defendant through its agents and employees, for pre-judgment interest, and reasonable attorney's fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant for all actual and compensatory damages in an amount to be determined by a jury. Plaintiff requests an award of punitive damages from Defendant for the willful and wanton treatment afforded him. Plaintiff also prays for pre-judgment interest, tax offset of a lump sum award, attorney's fees and costs of this action, and any other and further relief as this Court may deem just and proper from Defendant.

ELECTRONICALLY FILED - 2020 Oct 15 9:48 AM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

Respectfully Submitted,

**CROMER BABB PORTER AND HICKS, LLC.**

BY: s/Shannon Polvi
Shannon Polvi (#101837)
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone: (803) 799-9530
Fax: (803) 799-9533

*Attorney for Plaintiff*

October 15, 2020
Columbia, South Carolina

9

ELECTRONICALLY FILED - 2020 Oct 22 12:02 PM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF NEWBERRY<br><br>Michael Moon,<br><br>               Plaintiff,<br><br>v.<br><br>Georgia-Pacific Wood Products, LLC d/b/a Georgia-Pacific, LLC,<br><br>               Defendant. | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT<br><br>C/A No.: 2020-CP-36-00438<br><br>**CERTIFICATE OF SERVICE** |

      This is to certify that the undersigned employee of CROMER BABB PORTER & HICKS, LLC, did show cause to have served on October 19, 2020, a copy of the filed Summons and Complaint*,* by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following Registered Agent at the below indicated addresses:

**Certified Mail/Return Receipt Requested**             **#91 7199 9991 7037 2950 1765**
CT Corporation System
2 Office Park Court
Suite 103
Columbia, South Carolina 29223
Registered Agent for Georgia-Pacific, LLC

                                                                                          _____
                                                                        Kate M. Hesik, Litigation Paralegal

ELECTRONICALLY FILED - 2020 Oct 22 12:02 PM - NEWBERRY - COMMON PLEAS - CASE#2020CP3600438

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CT Corporation System
   2 Office Park Court
   Suite 103
   Columbia, SC 29223

   9590 9402 4203 8121 2186 71

2. Article Number (Transfer from service label)

   91 7199 9991 7037 2950 1765

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  Lisa Cotton
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Lisa Cotton                    10-19-00

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☑ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt